**United States District Court**
For the Northern District of California

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE ALAN REDONDO, | No. C 06-07461 JF (PR) |
| Petitioner, | ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS |
| v. | |
| ROSEANNE CAMPBELL, Warden, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his state conviction. The Court found that the petition stated a cognizable claim and ordered Respondent to show cause why the petition should not be granted. Respondent filed an answer addressing the merits of the petition, and Petitioner did not file a traverse. Having reviewed the papers and the underlying record, the Court concludes that Petitioner is not entitled to relief based on the claim presented and will deny the petition.

///

///

///

Order Denying Petition for a Writ of Habeas Corpus
P:\PRO-SE\SJ.JF\HC.06\Redondo461_denyHC.wpd

## BACKGROUND

The relevant facts are drawn from the unpublished opinion of the California Court of Appeal:

> In 1986, when [Petitioner] was 24 years old, he was convicted of one count of violating Penal Code section 288a, subdivision (c) (oral copulation with a child by force), and two counts of violating Penal Code section 288, subdivision (b) (lewd act with a child by force). [Petitioner] broke a window to a nine-year-old boy's bedroom, took the child to a nearby yard, and committed various sex acts. [Petitioner] fled when police, alerted by a neighbor who heard the boy crying, called them. [Petitioner] was a friend of the boy's older brother. [Petitioner] told the probation officer that the police pressured the victim of this offense into identifying him as the person who had sodomized him. [Petitioner] was sentenced to 25 years in prison and was required to register as a sex offender under Penal Code section 290.
>
> When [Petitioner] was released from prison in 2001 he moved into his grandmother's house on Woodhaven Drive. When [Petitioner's] grandmother died and her house was going to be sold, [Petitioner], his mother and brother moved temporarily to the home of a friend. On June 19, 2004, [Petitioner] had contact with a 13 year-old boy in an incident that led to his conviction for battery and false imprisonment. [Petitioner's] version of this offense is that the victim and his friend were throwing rocks at a church when [Petitioner] told him to stop. The police report of the incident states that the boy had thrown a small rock at his friend when [Petitioner] aggressively rode up to the boy on his bike, yelled at him, grabbed him by the neck, and pushed him away. This caused the button to break off the boy's shirt and scratch his neck. After the boy reported this to his mother, she went to the residence she associated with him on Hoffman Court and confronted [Petitioner] about his behavior. [Petitioner] simulated having a weapon and grabbed the mother's male friend, who was "approximately six, two, 165 pounds and 39 years of age" by the neck. When the police contacted [Petitioner] at the Hoffman Court address that day, he "stated that he just moved this past Monday, which is within the 10 days required by such registrants, but has still not re-registered as of the time of this report." According to the probation report, [Petitioner] moved out of the Hoffman Court Residence that same day and "failed to notify. . . law enforcement . . . of the move."
>
> The probation report states, "On September 15, 2004, after receiving information regarding [Petitioner's] whereabouts, and conducting an investigation that revealed the [Petitioner] had not been residing at his registered address for several months, agents of the Sexual Assault Felony Task Force (SAFE) located and arrested [Petitioner] at a Motel in San Jose." According to [Petitioner's] moving papers, he and his mother were asked to leave their temporary home with the friend on September 12 when, after [Petitioner's] mother had received some money, she declined their host's request that they reimburse him for his hospitality. [Petitioner], his brother and his mother moved to a motel on September 15. According to [Petitioner's] motion, he was leaving the motel and was actually on his way to comply with his Penal Code section 290 requirements when the police arrested him for the instant offense.
>
> The probation officer described [Petitioner's] criminal history as

> "extensive, significant and unremitting" noting that "[s]ince his Strike offenses, [Petitioner] has persisted in his criminal conduct as evidenced in his convictions for DUI, Battery, and a narcotic related offense while in custody, not to mention multiple parole violations."
>
> ...
>
> [A]t the time set for the motion to dismiss the prior strike convictions the court said that it was prepared to issue a "tentative ruling" and that, "the [Petitioner] does come within the spirit of the strike law, and he does so in whole. This court cannot find any reason lawfully to strike any of the strike convictions. I think [Petitioner's] prior conviction[s] are of such a serious and horrendous nature and that the [Petitioner], if you will, has never performed well while on parole. I have at least five parole violations.... ¶ I am troubled, deeply troubled by the misdemeanor conviction of the battery false imprisonment of the young boy, which indicates the [Petitioner's] pedophile nature, and he's still a threat to society and other persons.... [I]t's the court's ruling on a tentative basis the [Petitioner] does not deserve, if you will, any striking of [his] prior convictions under 1385. I simply cannot do it under these circumstances.... And also, to ensure that he receives due process, I feel that it does warrant a commitment of 25 [years] to life in prison."

People v. Steven Alan Redondo, No. H029413, slip op. 2-5 ( Cal. Ct. App. Aug. 15, 2006) (Resp Ex. 6).

Petitioner appealed the sentence to the California Court of Appeal, arguing that a sentence of 25 years-to-life for failing to register with law enforcement constituted cruel and unusual punishment under the Eighth Amendment. On August 15, 2006, the state appellate court affirmed the judgment of the trial court. On October 25, 2006, the California Supreme Court denied review. Petitioner filed the instant petition on December 6, 2006.

## DISCUSSION

### A. Standard of Review

Because the instant petition was filed after April 24, 1996, it is governed by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), which imposes significant restrictions on the scope of federal habeas corpus proceedings. Under AEDPA, a federal court cannot grant habeas relief with respect to a state court proceeding unless the state court's ruling was "contrary to, or an involved an unreasonable application of, clearly

1  established federal law, as determined by the Supreme Court of the United States," 28 U.S.C.
2  § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the
3  evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2).

4  "Under the 'contrary to' clause, a federal habeas court may grant the writ if the state
5  court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of
6  law or if the state court decides a case differently than [the] Court has on a set of materially
7  indistinguishable facts." Williams (Terry) v. Taylor, 529 U.S. 362, 412-13 (2000). "Under
8  the 'unreasonable application clause,' a federal habeas court may grant the writ if the state
9  court identifies the correct governing legal principle from [the] Court's decisions but
10 unreasonably applies that principle to the facts of the prisoner's case." Id. "[A] federal
11 habeas court may not issue the writ simply because the court concludes in its independent
12 judgment that the relevant state-court decision applied clearly established federal law
13 erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 411.

14 A federal habeas court making the "unreasonable application" inquiry should ask
15 whether the state court's application of clearly established federal law was "objectively
16 unreasonable." Id. at 409. The "objectively unreasonable" standard does not equate to "clear
17 error" because "[t]hese two standards . . . are not the same. The gloss of clear error fails to
18 give proper deference to state courts by conflating error (even clear error) with
19 unreasonableness." Lockyer v. Andrade, 538 U.S. 63, 75 (2003).

20 A federal habeas court may grant the writ it if concludes that the state court's
21 adjudication of the claim "resulted in a decision that was based on an unreasonable
22 determination of the facts in light of the evidence presented in the state court proceeding."
23 28 U.S.C. § 2254(d)(2). The court must presume correct any determination of a factual issue
24 made by a state court unless petitioner rebuts the presumption of correctness by clear and
25 convincing evidence. 28 U.S.C. § 2254(e)(1).

26 **B.   Petitioner's Claim**

27 Petitioner's sole claim for federal habeas relief is that a sentence of 25 years-to-life for
28 failing to notify law enforcement of a change of address under California's sex offender

Order Denying Petition for a Writ of Habeas Corpus
P:\PRO-SE\SJ.JF\HC.06\Redondo461_denyHC.wpd

registration statute, *i.e.*, Penal Code section 290, is grossly disproportionate and barred by the Eighth Amendment.

It is well settled that a criminal sentence that is not proportionate to the crime for which the defendant is convicted violates the Eighth Amendment. Solem v. Helm, 463 U.S. 277, 303 (1983) (sentence of life imprisonment without possibility of parole for seventh nonviolent felony violates 8th Amendment). For the purposes of review under 28 U.S.C. § 2254(d)(1), it is clearly established that "[a] gross proportionality principle is applicable to sentences for terms of years." Lockyer v. Andrade, 538 U.S. 63, 72 (2003). But the precise contours of the principle are unclear, and "applicable only in the 'exceedingly rare' and 'extreme' cases." Id. at 73 (quoting Harmelin v. Michigan, 501 U.S. 957, 1001 (1991)). "[T]he principle reserves a constitutional violation for only the extraordinary case." Id. at 76.

Under this proportionality principle, the threshold determination for the court is whether petitioner's sentence is one of the rare cases in which a comparison of the crime committed and the sentence imposed leads to an inference of gross disproportionality. United States v. Bland, 961 F.2d 123, 129 (9th Cir. 1992) (quoting Harmelin, 501 U.S. at 1005), cert. denied, 506 U.S. 858 (1992). Only if such an inference arises does the court proceed to compare petitioner's sentence with sentences in the same and other jurisdictions. See Harmelin, 501 U.S. at 1004-05; Bland, 961 F.2d at 129.

Petitioner argues that he is entitled to an inference of gross disproportionality because a threshold determination of the crime committed, in this case a failure to report a change in address, and the sentence imposed, 25-years- to-life, qualifies as "one of the rare cases" where a case-by-case analysis of punishments within his jurisdiction is required. (Pet. 8.) However, Petitioner's punishment cannot be viewed so narrowly because his sentence was in accord with California's Three Strikes recidivism statute. Cal. Penal Code § 1170.12. Thus, in the words of the California Court of Appeal, "[Petitioner's] lengthy sentence cannot be viewed just as a punishment for the instant offense; it was a punishment for committing a felony and doing so as a recidivist offender." (Resp't Ex. 6 at 10.)

In determining whether the sentence is grossly disproportionate under a recidivist

Order Denying Petition for a Writ of Habeas Corpus
P:\PRO-SE\SJ.JF\HC.06\Redondo461_denyHC.wpd

1  sentencing statute like California's Three Strike law, the court looks to whether such an
2  "extreme sentence is justified by the gravity of [an individual's] most recent offense and
3  criminal history." Ramirez v. Castro, 365 F.3d 755, 768 (9th Cir. 2004) (holding sentence of
4  twenty five years to life on petty theft with prior conviction was grossly disproportionate to
5  crime where previous two strikes were the result of one negotiated plea resulting in a single
6  county jail sentence). In considering the relevance of the recent offense and criminal history,
7  a court must consider the "factual specifics" of an individual's priors to determine whether
8  the conduct involved violence or was particularly serious. Reyes v. Brown, 399 F.3d 964,
9  970 (9th Cir. 2005).

10  In this case, Petitioner's criminal history is littered with numerous instances of
11  violent crime against individuals, including a particularly egregious sexual assault against a
12  nine-year-old boy. (Resp't Ex. 6 at 2-3). The California Court of Appeal chronicled a
13  history of car theft, sexual molestation, five parole violations, and a recent misdemeanor
14  conviction for the battery and false imprisonment of a teenage boy. (Id. at 12.) The state
15  appellate court noted:

> The record revealed that in 1982, the [Petitioner] was convicted of inflicting corporal punishment on a child. In 1992, he was convicted of lewd conduct with a child. In 1996, he was convicted of possessing drugs. The [Petitioner] also violated parole in 1995, 1998, and 1999. He committed his current offense in 2002. In rejecting the [Petitioner]'s constitutional challenge to his sentence, the court concluded that the [Petitioner]'s sentence was a permissible means of punishing him and deterring others from committing future crimes. Moreover, it found that his lengthy criminal record brought him both within the letter and spirit of the Three Strikes law. [Petitioner]'s sentence and circumstances are not distinguishable from those in the cases described above and do not suggest that his punishment is unconstitutional.

23  (Id.)
24  Petitioner's failure to register with law enforcement officials combined with his
25  propensity towards violent crime elevated the severity of his failure to register conviction
26  because, as mentioned by the state appellate court, "the troubling criminal contact with the
27  boy... may have been at least in part responsible for [Petitioner's] moving around." (Id. at 14-
28  15.) Taking into account these instances, the sentencing of Petitioner under California's

1 Three Strikes law is not one of the "rare cases" where the punishment is grossly
2 disproportionate to the crime because the factual specifics of Petitioner's prior criminal
3 convictions provide a clear basis for the state court to justify the imposition of a more severe
4 punishment.  A court may take into account the government's interest not only in punishing
5 the offense of conviction, but also its interest "in dealing in a harsher manner with those who
6 [are] repeat[] criminal[s]."  Bland, 961 F.2d at 129.

7 Petitioner's failure to raise an inference of gross disproportionality is fatal to his
8 constitutional claim and petition for relief.  See Harmelin, 501 U.S. at 1004-05.  Petitioner
9 has failed to demonstrate that his sentence of 25-years-to-life violated the Eighth
10 Amendment.  Accordingly, the Court concludes that the state court's rejection of this
11 Constitutional claim was not contrary to, nor an unreasonable application of, clearly
12 established Supreme Court precedent, nor was it based on an unreasonable determination of
13 the facts in light of the evidence presented.  28 U.S.C. § 2254(d)(1), (2).

## CONCLUSION

16 The Court concludes that Petitioner has failed to show any violation of his federal
17 constitutional rights in the underlying state criminal proceedings.  Accordingly, the petition
18 for writ of habeas corpus is DENIED.  The Clerk shall enter judgment and close the file.
19 IT IS SO ORDERED.

21 DATED: 7/23/08

JEREMY FOGEL
United States District Judge

Order Denying Petition for a Writ of Habeas Corpus
P:\PRO-SE\SJ.JF\HC.06\Redondo461_denyHC.wpd